**MORGAN, LEWIS & BOCKIUS LLP**
Carrie A. Gonell, Bar No. 257163
Kimberli A. Williams, Bar No. 318741
Mayra Negrete, Bar No. 333491
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626-7653
Tel:  +1.714.830.0600
Fax:  +1.714.830.0700
carrie.gonell@morganlewis.com
kimberli.williams@morganlewis.com
mayra.negrete@morganlewis.com

Attorneys for Defendant
BURLINGTON COAT FACTORY OF TX, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAM LAM, on behalf of herself and others similarly situated,<br><br>            Plaintiff,<br><br>      vs.<br><br>BURLINGTON COAT FACTORY OF TX, INC.; and DOES 1 through 100, inclusive,<br><br>            Defendants. | Case No. _____<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**[28 U.S.C. § 1332(A)]**<br><br>Action Filed:   November 8, 2021 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 42401850.1

1

DEFENDANT'S NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Burlington Coat Factory of Texas, Inc. ("Burlington" or "Defendant") removes the above-entitled action from the Superior Court of the State of California for the County of Sonoma to the United States District Court for the Northern District of California. This Court has original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. sections 1332(d) and 1453, because minimum diversity exists and the amount in controversy exceeds $5 million.

Removal is based on the following grounds:

## I. PLEADINGS, PROCESS, AND ORDERS

1. On November 8, 2021, Plaintiff Tram Lam ("Plaintiff") filed an unverified Complaint in the Sonoma County Superior Court, entitled *Tram Lam v. Burlington Coat Factory of TX, Inc., et al.*, Case No. 3CV269639 ("Complaint").

2. The Complaint alleges causes of action for (1) failure to pay wages for all hours worked at minimum wage; (2) failure to pay overtime; (3) failure to provide meal periods or pay a premium in lieu thereof; (4) failure to timely pay wages earned; (5) failure to furnish accurate itemized wage statements; (6) final wages not timely paid; (7) unfair business practices.

3. Plaintiff served the Complaint on Burlington on December 17, 2021. True and correct copies of the Summons, Complaint, and all documents served with the Complaint are attached as **Exhibit A**.

4. Plaintiff seeks to represent the following class and/or subclasses during the period from November 8, 2017 to the present:

- "Minimum Wage Class: All current and former hourly non-exempt employees employed by Defendants in California at any time from

four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who were not paid at least minimum wage for all time they were subject to Defendants' control."

- "Overtime Class: All current and former hourly non-exempt employees employed by Defendants in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked more than eight (8) hours in a workday, forty (40) hours in a workweek, and/or seven (7) days in a workweek, to whom Defendants did not pay overtime wages."

- "Meal Period Class: All current and former hourly non-exempt employees employed by Defendants in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked shifts more than five (5) hours yet Defendants failed to authorize or permit all required duty-free meal periods of not less than thirty (30) minutes."

- "Pay Day Class: All current and former hourly non-exempt employees employed by Defendants in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who were not timely paid earned wages during their employment."

- "Wage Statement Class: All current and former hourly non-exempt employees employed by Defendants in California at any time from one (1) year prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who received inaccurate or incomplete wage and hour statements."

- "Waiting Time Class: All current and former hourly non-exempt employees employed by Defendants in California at any time from three (3) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who did not receive all unpaid wages upon separation of employment within the statutory time period."

- "California Class: All aforementioned classes are herein collectively referred to as the 'California Class.'"

See Ex. A, Compl. ("Compl.") ¶ 36.

5. On January 18, 2022, Burlington filed and served its Answer to the Complaint in Sonoma County Superior Court. A true and correct copy of the Answer is attached as **Exhibit B**.

6. **Exhibits A and B** constitute all the pleadings, process, and orders served upon or by Burlington, or filed to Burlington's knowledge to date, in the Superior Court action.

## II. THE REMOVAL IS TIMELY.

7. This Notice of Removal is timely filed, pursuant to 28 U.S.C. §1446(b), because it is filed and served within thirty days of Burlington's receipt of Plaintiff's Complaint. See 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."). Plaintiff served her Complaint on Burlington on December 17, 2021.

8. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA.

9. This lawsuit is a civil action within the meaning of the Acts of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 42401850.1

4

DEFENDANT'S NOTICE OF REMOVAL

1  Congress relating to removal of class actions.  *See* 28 U.S.C. § 1453.

2  10. This action is brought by Plaintiff as a putative class action on behalf of a proposed class of more than 100 individuals.  As such, this matter is a "purported class action" as that term is defined pursuant to CAFA.

11. The Complaint could have been filed in this Court under 28 U.S.C. § 1332(d) because this matter is brought as a class action under California Code of Civil Procedure § 382, diversity of citizenship exists between one or more members of the putative class and Burlington, and, accepting Plaintiff's allegations only for the purposes of this removal, the amount in controversy exceeds, in the aggregate, $5,000,000.00, exclusive of interests and costs.  Removal therefore is proper pursuant to 28 U.S.C. §§ 1446 and 1453.[1]

### A. Diversity Of Citizenship Exists.

12. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of one defendant.  28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

13. Here, all requirements are met because Plaintiff is a citizen of California and Burlington is incorporated under the laws of Florida, and also has its headquarters and principal executive offices in Burlington, New Jersey.  Thus, minimal diversity exists and removal is proper.

---

[1] Burlington does not concede and reserves the right to contest, at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class or representative action.  Burlington further does not concede the merits of any of Plaintiff's allegations or that they constitute a cause of action under applicable California law.

### 1. Plaintiff Is A Citizen of California.

14. Plaintiff is, and was at the time she filed the Complaint, a citizen of the State of California. "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (*citing Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (*citing Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Domicile is determined by "an individual's 1) residence in a state, and 2) his intent to remain indefinitely." *Boon*, 229 F. Supp. 2d at 1019.

15. The Complaint alleges that "at all times mentioned herein, the currently named Plaintiff is and was a resident of California." *See* Compl. ¶ 3. The Complaint does not allege that Plaintiff is a citizen of any other state, nor allege that Plaintiff does not have an intent to remain in California. Plaintiff is therefore a citizen of California for purposes of removal.

### 2. Burlington Is Not A Citizen Of California.

16. Burlington is, and was at the time of the institution of this civil action, a corporation formed under the laws of Florida, with its headquarters and principal executive offices in Burlington, New Jersey.

17. For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)). In *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), the Supreme Court held that a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" (*i.e.*, the "nerve center" of the business). *Id.* at 92-93. The Court further described the principal place of business as "the place where the corporation maintains its headquarters." *Id.* at 93.

18. Therefore, because Plaintiff and Burlington are not residents of the same state, diversity of citizenship exists under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

### B. The Proposed Class Membership is Sufficiently Large.

19. CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. §1332(d)(5)) is satisfied here because the putative class has more than 100 members.

20. In the alleged Classes and/or Subclasses, Plaintiff seeks to represent all "current and former hourly non-exempt employees employed by Defendant in California at any time from four (4) years prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class." *See* Compl. ¶ 36. While Plaintiff seeks to represent an unmanageable scope of all hourly non-exempt employees, for purposes of thisNotice of Removal, Burlington examines a narrowed scope of the purported class defined as those who shared Plaintiff's job title *and still,* Burlington's business records reflect approximately 5,084 non-exempt employees during the applicable statuory period (from November 8, 2017 to November 8, 2021). Thus, the putative class contains well over the statutoty minimum of 100 members.

### C. The Amount In Controversy Exceeds $5,000,000.

21. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Because Plaintiff does not expressly plead a specific amount of class damages, Burlington need only to show it is more likely than not that the amount in controversy exceeds $5 million. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). Burlington's burden to establish the amount in controversy is by a preponderance of the evidence. *Dart Cherokee Basin Operating Company, LLC v.*

*Owens*, 135 S. Ct. 547 (2014); *see also Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (citing *Dart* for the proposition that there is no anti-removal presumption against CAFA cases). A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554.

22. "[A] removing defendant is not obligated to research, state and prove the plaintiff's claims for damages." *Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, *2 (C.D. Cal. April 28, 2015) (citation omitted); *see also LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable"); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy"). The determinative inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *LaCross*, 775 F.3d at 1202 (citation omitted) (explaining that courts "first look to the complaint in determining the amount in controversy").

23. Under *Dart*, a removing defendant is not required to submit evidence in support of its removal allegations. *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("[A] removing defendant's notice of removal *need not* contain evidentiary submissions but only plausible allegations of jurisdictional elements.") (internal quotations omitted) (emphasis added). Instead, the removal allegations "may rely on 'a chain of reasoning that includes assumptions' and 'an assumption may be reasonable if it is founded on the allegations of the complaint.'" *Marano v. Liberty Mut. Grp., Inc.*, 2021 WL 129930, at *2 (C.D. Cal. Jan. 14, 2021) (quoting *Arias v. Residence Inn by Marriott*, 2019 WL 4148784, at *4 (9th Cir. Sept. 3, 2019)). Where the plaintiff "could have, but did not, make more specific

allegations to narrow the scale or scope of th[e] controversy," courts "have assumed 100% violation rates" based on the complaint's "sweeping allegations." *Id*. at *3. As detailed below, Burlington plausibly alleges that the amount in controversy exceeds $5 million based on Plaintiff's sweeping allegations, and that the Court has jurisdiction pursuant to CAFA. Here, the aggregated claims of the putative class members put into controversy over $5 million in potential damages. 28 U.S.C. § 1332(d)(2).

24.  As explained above, Plaintiff seeks to represent an unmanageable scope of hourly non-exempt employees, but for purposes of this Notice of Removal, Burlington has reviewed certain data concerning a narrowed class definition reflective of those purported class members who shared Plaintiff's job title. Based on the allegations in the Complaint, Plaintiff has put more than $5 million in controversy as set forth below, and CAFA removal is appropriate.[2]

### 1. Plaintiff's Third Cause of Action For The Failure To Provide Meal Periods Places At Least $3,014,926.03 In Controversy, For Those Putative Class Members Who Shared Plaintiff's Job Title.

25.  Plaintiff seeks to recover meal period premiums for the Class for alleged violations of Labor Code Sections 226.7 and 512. Plaintiff alleges that "Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit meal periods to Plaintiff and similarly situated employees of no less than thirty (30) minutes for each five-hour period of work as required by law..." Compl. ¶ 26, 60. Plaintiff further alleges that "Defendants

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Burlington references to specific damage amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Burlington vehemently maintains that each of Plaintiff's claims is without merit and that Burlington is not liable to Plaintiff or any putative class member. In addition, Burlington denies that liability or damages can be established on a class wide basis. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

failed to pay Plaintiff and similarly situated employees a meal period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not reeive all legally required and compliant meal periods." Compl. ¶ 27, 61.

26. Thus, taking as true Plaintiff's claim that Burlington failed to provide meal breaks, putative class members who shared Plaintiff's job title would be eligible for one (1) hour of premium pay for each day a meal period was missed. *See* Compl. ¶¶ 26-27, 61. Burlington conservatively assumes a violation rate of one (1) missed meal break per week. *Within the narrowed class definition alone*, or those who shared Plaintiff's job title during the relevant four-year statute of limitations period, Burlington calculates an estimated 213,673 work weeks. The weighted average hourly rate of pay for this narrowed putative class during the relevant period is approximately $14.11. Accordingly, the total meal period premiums at issue in Plaintiff's Third Cause of Action, *as to this narrowed putative class definition,* is at least **$3,014,926.03** (213,673 work weeks x 1 hour of premium pay per week x $14.11 = $3,014,926.03).

### 2. Plaintiff's Sixth Cause of Action For Waiting Time Penalties Places $7,445,000.40 In Controversy For Those Putative Class Members Who Shared Plaintiff's Job Title.

27. Plaintiff alleges that Burlington "willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendant all allegedly earned and unpaid wages at the time of discharge or within 72 hours of resignation." Compl. ¶¶ 34, 85. Labor Code Section 203 provides that an employer who willfully fails to timely pay wages to an employee who is discharged or quits, must pay, as a penalty, the "the wages of the employee . . . from the due date thereof . . . until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Plaintiff alleges that "Defendants failed to pay Plaintiff and on information and belief, the Waiting Time Class, with all wages earned and unpaid prior to separation of employment…Defendants maintained a

policy or practice of not paying hourly employees all earned wages timely upon separation of employment." Compl. ¶ 85. Plaintiff further alleges "[p]ursuant to Labor Code section 203, Plaintiff and the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due until paid, up to a maximum of thirty (30) days." *Id.* ¶ 88.

28. According to Burlington's records, the employment of at least 4,397 putative class members, who shared Plaintiff's job title, terminated more than 30 days ago and within the three years preceding the filing of Plaintiff's complaint. Based on Plaintiff's allegations of the failure to pay terminated non-exempt employees their full wages at the time of discharge, Burlington may reasonably assume "that each terminated putative class member was entitled to 30 days of continuation wages at 8 hours of standard pay per day." *Oda v. Gucci Am., Inc.*, 2015 WL 93335, at *4 (C.D. Cal. Jan. 7, 2015); *see also Mackall v. Healthsource Glob. Staffing, Inc.*, 2016 WL 4579099 (N.D. Cal. Sept. 2, 2016) (finding that "allegations of willful failure to timely pay final wages (based on alleged overtime and meal and rest break violations)" support an estimated 100% violation rate for waiting time penalties). Burlington computed damages based on only four (4) hours of standard pay per day (generally the minimum shift worked), and because the putative class members who shared Plaintiff's job title earned a weighted average pay rate of $14.11 per hour, the total waiting time penalties at issue *as to this narrowed putative class definition* is at least **$7,445,000.40** ($14.11 pay rate x 4 daily hours x 30 days x 4,397 terminated employees = $7,445,000.40).

### 3. The Complaint Also Seeks Recovery Of Attorneys' Fees That Courts May Consider for Determining the Amount in Controversy.

29. Plaintiff seek to recover attorneys' fees under various provisions of the Labor Code, including under Labor Code section 226. Compl. ¶¶ 1, 45, 56, 81 and Prayer for Relief. Although Burlington firmly denies Plaintiff's claim for attorneys' fees, future attorneys' fees are properly included in determining the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 42401850.1

11

DEFENDANT'S NOTICE OF REMOVAL

amount in controversy, including for class actions seeking fees under Labor Code Section 226. *See Fritsch v. Swift Transportation Co. of Arizona, LLC,* 899 F.3d 785, 793-94 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."). Courts in the Ninth Circuit "have treated a potential 25% fee award as reasonable" in wage and hour class actions removed under CAFA. *See Anderson v. Starbucks Corp.*, 2020 WL 7779015, at *4 (N.D. Cal. Dec. 31, 2020).

30. Therefore, although Burlington has plausibly alleged that the amount in controversy without attorneys' fees exceeds $5,000,000.00, the inclusion of attorneys' fees as allowed by Ninth Circuit law further increases the amount in controversy above the minimum threshold for CAFA jurisdiction.

### IV. VENUE

31. This action was originally filed in Sonoma County Superior Court. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

### V. NOTICE

32. Burlington will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

### VI. CONCLUSION

33. The amount in controversy as set forth in this Notice exceeds $5 million including only two (2) of Plaintiff's seven (7) causes of action *and* encompassing only those purported class members who shared Plaintiff's job title within the statutory period (or an estimated 5,084 putative class members). Though umanageable, Plaintiff's class, as pled, is significantly larger than analyzed in this Notice and thus, so too is the amount in controversy as to Plaintiff's entire Complaint. Based on the foregoing, Burlington respectfully requests that this action

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 42401850.1

12

DEFENDANT'S NOTICE OF REMOVAL

be removed to this Court. If any question arises as to the propriety of the removal of this action, Burlington respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated:    January 18, 2022          MORGAN, LEWIS & BOCKIUS LLP


By: /s/Carrie A. Gonell
　　Carrie A. Gonell
　　Kimberli A. Williams
　　Mayra Negrete
　　Attorneys for Defendant
　　BURLINGTON COAT FACTORY
　　OF TX, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

DB2/ 42401850.1

13

DEFENDANT'S NOTICE OF REMOVAL

# PROOF OF SERVICE

*Lam v. Burlington Coat Factory of TX, Inc., et al.*

I am a resident of the State of California, employed in the County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 600 Anton Blvd., Suite 1800, Costa Mesa, CA 92626.

On January 18, 2022, I served on the interested parties in this action the within document(s) entitled:

**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**

[ X ] **BY EMAIL:** the parties listed below were served electronically with the document(s) listed above through ONELEGAL by e-mailed PDF files on January 18, 2022. The transmission was reported as complete and without error. My electronic notification address is 600 Anton Blvd., Suite 1800, Costa Mesa, CA 92626. My e-mail address is patricia.martin@morganlewis.com.

[ X ] **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

| *Attorneys for Plaintiff TRAM LAM* <br><br> **LAVI & EBRAHIMIAN LLP** <br> Joseph Lavi, Esq. <br> Vincent C. Granberry, Esq. <br> Cecile Vue, Esq. <br> 8889 W. Olympic Blvd., Suite 200 <br> Beverly Hills, CA 90211 <br> Tel: 310.432.0000 / Fax: 310.432.0001 | jlavi@lelawfirm.com <br> vgranberry@lelawfirm.com <br> cvue@lelawfirm.com <br> whteam@lelawfirm.com |
|---|---|

[ X ] **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[ X ] **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on January 18, 2022, at Costa Mesa, California.

*Patricia Martin* (signature)
Patricia Martin